IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ACTIVEX AMERICA, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04CV00547 |
| | ) | |
| DTC HEALTH, INC., CHARLES ANDREW STEVENS, BRYAN DOWSE, TIMOTHY MERTES, ADAM BYRD, FLEXICOSE PARTNERS CORP., | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

OSTEEN, District Judge

This matter was heard at the status conference in reference to Plaintiff's Motion to Enforce Settlement Agreement And To Order Defendants To Show Cause Why They Should Not Be Held In Civil Contempt ("Motion to Enforce"). The issue for determination by the court is whether Defendants breached the settlement agreement by failing to end business relationships with affiliates who continued to advertise in a manner that violated the terms of the settlement agreement. The court, having reviewed evidence and heard arguments, makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. Plaintiff Activex America, Inc. ("Activex") is an online merchant in the liquid glucosamine industry. Plaintiff sells its product, Syn-flex, using its own developed online marketing technique.

2. Defendant DTC Health, Inc. ("DTCH") is also in the liquid glucosamine business and is a direct competitor of Plaintiff. In order to boost sales of its product Flexicose, DTCH employed an advertising and marketing style very similar to that of Activex.

3. On June 16, 2004, Plaintiff filed a lawsuit against DTCH, Charles Andrew Stevens, Bryan Dowse, Timothy Mertes, Adam Byrd, and Flexicose Partners Corp. alleging copyright infringement, false advertising, unfair competition, and unfair and deceptive trade practices. In order to forego trial, Plaintiff entered into a settlement agreement with DTCH, Stevens, and Mertes (collectively, "Defendants") on July 7, 2005.

4. The settlement agreement permanently enjoins Defendants, via a consent judgment, from engaging in certain types of advertising practices. In order to effectuate the injunction, Defendants were required to remove certain material on DTCH's website and send notice to their affiliates asking them to make similar changes to the marketing materials on their websites. If any affiliate failed to make such changes, the settlement agreement obligated Defendants to send an additional notice

2

warning the affiliate that it was still not in compliance and would not receive any sales commissions. Ultimately, Defendants were required to terminate all sales of Flexicose to affiliates who continued to operate in noncompliance with the notices.

5. In the event that Defendants committed a material breach of the settlement agreement by, among other things, not following the notice procedures mentioned above, Plaintiff was duty bound to provide them with written notice. Upon receiving the written notice, Defendants would have ten days to correct the breach. If the breach was not cured within the ten-day period, Plaintiff would be entitled to an additional $100,000.

6. The notice sent by Defendants to the affiliates was not only inadequate, but it was also ineffective. After the expiration of the notice period, seventeen affiliates continued to display advertising materials in violation of the settlement agreement. On December 20, 2005, Plaintiff sent Defendants written notice that some of their affiliates failed to conform to the terms of the settlement agreement. Those affiliates continued to operate in breach of the settlement agreement until April 20, 2006–well beyond the ten-day period to cure.

## CONCLUSIONS OF LAW

Based upon the foregoing Findings of Fact, the court concludes as a matter of law that:

1.  This action is governed by the court's ability to enforce settlement agreements.  <u>Hensley v. Alcon Labs.</u>, 277 F.3d 535, 540 (4th Cir. 2002).

2. The parties entered into a valid settlement agreement, the terms of which are easily discernable by the court. According to those terms, Defendants were obligated to prevent the sale of Flexicose by any affiliate who failed to conform to the advertising restrictions contained in the settlement agreement.

3. If an affiliate continued to advertise and sell Flexicose in violation of the advertising restrictions, such an action would constitute a material breach of the settlement agreement by Defendants.

4. Plaintiff sent notice to Defendants of a breach of the advertising restrictions by some affiliates.  After the cure period, seventeen affiliates remained in breach and continued to sell Flexicose.

5. There are no provisions in the settlement agreement that allow substantial compliance as a substitute for total compliance.  Defendants, therefore, breached the settlement agreement and are liable according to its terms.

6. For the reasons mentioned above, the court hereby FINDS that Defendants are in material breach of the Settlement

Agreement, the penalties of which are stated in paragraph 22 and 24 of the Settlement Agreement.

In accordance with paragraph 22 of the Settlement Agreement, the court hereby **ORDERS** that $100,000.00 is due and owed by Defendants to Plaintiff as a penalty. Defendants shall pay the $100,000.00 immediately following the completion of the $650,000.00 payment as required by paragraph 2(a) and (b) of the Settlement Agreement, and the amount shall be paid using the same method of calculation and at the same monthly rates as provided in paragraph 2 of the Settlement Agreement.

The court **FINDS** that the attorneys' fees are objected to by Defendants without any specific reference as to why they are excessive. The court **FINDS** that the attorneys' fees are reasonable, and **ORDERS** that Defendants pay $41,399.88 to Plaintiff as required under paragraph 24 of the Settlement Agreement within sixty (60) days of the date of this order.

This the 19th day of January 2007.

                                    /s/ William L. Osteen
                                    United States District Judge